Final case for arguments, Sweports, Ltd. v. Much Shelist. Mr. Walsh. Thank you, Your Honors. At one point in their brief, the affilee states that this, quotes from the old expression about hard cases making bad law, I'd suggest, Your Honors, that this is not a hard case. I think that all the factors... No, that's not what hard means in that cliché. Hard means tugs at the heartstrings. And I would suggest, Your Honor, that this is a case where if the heartstrings are tugged in any direction, they're tugged in the direction of the appellant, not the appellees, but perhaps I'm too deep into the case from a personal standpoint. Mr. Wolf, was there a contractual relationship? Did you have a contractual relationship with the debtor prior to the bankruptcy in making an effort to collect the indebtedness? I did not, Your Honor. Committee counsel never has a contractual relationship, not only not with the debtor, but we didn't have a contractual relationship even with the committee. We were employed by the committee pursuant to a court order. So how does the committee come to you? The committee comes to me... Your Honor, in this particular case, the committee came to me because the members of the committee have long known me and I think have a reasonably high regard for my talents as a bankruptcy lawyer. Oftentimes, committees come by counsel by interviewing a series of counsel. They may have even done so in our case. And does the committee get to make the choice on counsel or does it have to be approved by the bankruptcy judge? They make a choice initially, but then they have to apply to the court itself for approval. And the application is in the form of a motion on notice to all parties. And in this case, for instance, the debtor's counsel objected to my employment as committee counsel and the court entered an order approving the employment over that objection. And that is how it occurs oftentimes. And frankly, Your Honor, that gets to the very heart of the problem here. Committees are a creature of bankruptcy law. Committee counsel has no contractual relationship with the debtor, not even technically with the committee. If the court does not order the allowance of fees to committee counsel, committee counsel cannot look to the members of the committee for payment. Well, why didn't your clients petition the bankruptcy court to retain jurisdiction with respect to the outstanding fee applications before the dismissal? Your Honor, frankly, they were looking to me for advice on this matter, and I'm going to tell you that it never occurred to us that jurisdiction was lost. In virtually every Chapter 11 case in which I serve as committee counsel or debtor's counsel or any other role, the fee applications are disposed of or dealt with by the court after the conclusion of the case. Even though the court doesn't, even though technically the estate ceases to exist after the case is dismissed and an order is entered by the bankruptcy court, right? The bankruptcy estate ceases to exist in the sense that the assets of the debtor in possession are vested back in the debtor. Now, this occurs, Your Honor, if there's a confirmation of a plan or it occurs if there is a dismissal of the bankruptcy case. In most cases, Chapter 11 cases, fee applications are filed and heard after the conclusion of the case. And even in a Chapter 11 case. Where does the money come from in the pay to fees? From the debtor. From the debtor in to whom the, or with whom the assets are vested, either on the effective date of a plan of reorganization or after dismissal, Your Honor. Could the creditor object, creditor committee object to the dismissal based on the fact that the fees had not been resolved yet? Presumably, yes. And I will tell you, and this is outside the record somewhat because we're not talking about what occurred in the committee room. Certain of the creditors on our committee didn't want to object to dismissal because they wanted to quickly exercise their collection rights against the debtor under Illinois state law. So then that brings me to my next question. Why didn't your clients move to reopen the bankruptcy case under 350B of the Bankruptcy Code when the order for fees didn't come through? Your Honor, I suppose we could file that kind of a motion today, but I did not believe that it was necessary. I still don't believe it's necessary. I believe the court has the jurisdiction to allow fees, and that I have the right to, under state law, seek to collect them from the debtor. And I would suggest to Your Honor that the weight of all the legal authority is on my side on this issue. I'm not saying every single case, but by far, and until recently, I would say that almost every reported decision provides that the court can allow fees after dismissal, after confirmation. Is your argument essentially that with the dismissal of the bankruptcy case, the assets that had been the assets of the debtor's estate went back to the debtor, and you want the liabilities to go back to them?  In the case of a dismissal, the liabilities go back to the debtor, the assets go back to the debtor, and the only difference between the liability that's owed to committee professionals and the liability that's owed to a trade creditor or a bank creditor is a committee professional must have its fees allowed by the bankruptcy court. So you're trying to get the amount liquidated to a set sum. Precisely. Precisely, Your Honor. That's all we sought, is allowance of an amount. Is there a debate over how much you should be paid? I mean, is this something the other side has been complaining about? The answer is, Your Honor, we haven't gotten to that point, but given the history of this case, there is no doubt in my mind that if Your Honors were to reverse and remand and I then re-urge my fee application, there will be an objection to the amount of the fees. Now, maybe that will lead to a settlement, maybe it won't lead to a settlement, but I'm quite sure there will be objection to the amount. But all I have sought here is the allowance of the amount, because that is the one sense in which I stand different from any other creditor. I need a bankruptcy court order approving my fees in allowed amount. If I may, Judge Williams, there's one point I'd like to make, and that is under our bankruptcy court's logic here, if it had been a no-asset case, let's assume for one reason or another there had been a terrible fire and all the assets had been destroyed and there was no insurance, presumably under this court's logic, the matter would have become moot and I couldn't have been heard on a fee application. Similarly, if all the assets had been over-encumbered by secured debt, presumably he could have found, well, this is moot, Mr. Wolf can't recover his fees. Therefore, no jurisdiction. That isn't the way the law works. It just doesn't work that way. So basically you want us to hold that the bankruptcy court had ancillary jurisdiction to consider the reasonableness of fees and your expenses. That's exactly right. As has been done by several lower courts and bankruptcy courts. As have been, and Your Honor, there are Sixth Circuit, Eighth Circuit, and Ninth Circuit cases, those are the only circuit courts that have ruled on this issue that say the court does have the jurisdiction to do that. And collectability then becomes another matter. It becomes another matter. You know, it's not unlike the situation that occurs after a plan of reorganization is confirmed in a case, in the successful case that goes to reorganization. Typically there is an effective date when the plan goes into place. Under the bankruptcy code on the effective date, the assets of the debtor are revested. The assets of the estate, the debtor in possession are revested in the debtor. Similarly, the debts, the liabilities follow the debtor, although they may have been modified in terms of payment terms and rights and so forth under the bankruptcy. And at that time, after the effective date, the professionals come in, they seek allowance of their fees, and they look to the debtor to be paid. That's all I sought to do here. It would never have occurred to me to seek to reopen the case because I didn't need to do so. I still don't believe I needed to do so. I'm getting a red light. I assume that means I sit down, but I've reserved two minutes. Okay, that's fine. Thank you, Mr. Wolfe. Mr. DiVincenzo? Thank you, Your Honors. May it please the Court. My name is Anthony DiVincenzo, and I represent Sweetports in this appeal. Your Honors, the procedural posture of this case, the jurisdictional question arose because the committee of creditors, the unsecured creditors in the bankruptcy, made a strategic and intentional litigation decision to go to state court to attempt to collect their claims. And in order to achieve that, they had to have the bankruptcy ended so that the stay would be lifted to allow them to do that. They were not going to be in a position at that point in time to allow or ask the bankruptcy court to keep jurisdiction over the assets of the debtor's estate because that would have prevented them from going forward in the state court proceedings. So they made that strategic decision. And now counsel is here saying, relieve me from the effects of that strategic decision. Well, I don't understand. Maybe this is too simple-minded. But the dismissal of the bankruptcy transferred the assets of the debtor's estate to the debtor. Well, I would think the liabilities would go along with it. They do not, Your Honor. Pardon? They do not. No, that doesn't make any sense because then you have a situation in which even if the bankruptcy has been dismissed, the bankrupt, now no longer bankrupt, now back in operation, has sloughed off all his liabilities. No, Your Honor. Not the liabilities. Well, one of the potential liabilities is to this, you know, the lawyers for the committee. The lawyers for the committee are appointed and must... Now, what should they have done? What should they have done? They had two options, at least two options. They could have asked Judge Golgar to reserve jurisdiction. Judge Golgar is noted in the briefs and his opinion. Well, what's the difference between reserving jurisdiction and, as Judge Williams was suggesting, exercising an ancillary jurisdiction to clean up some loose ends left over after the dismissal? Judge Golgar... you know, no longer a bankrupt. So that's fine. That's great for them. But there are these, you know, overhanging debts. And one of them, the debt to Mr. Wolf's firm, has to be, you know, validated by the bankruptcy judge. So why not let the bankruptcy judge do that? The bankruptcy court could have done that if requested to do it. Well, why can't it do it now? Your Honor, the reason is it can't do it now is because after the passage of time that occurred, the court lost jurisdiction. Yeah, yeah, that's the conclusion. But what is the reason? Why can't it... I'm following what Judge Williams is saying. Why not just say, yeah, it relinquished jurisdiction in the sense that it no longer had a bankrupt estate. It gave the assets back to Sweetports. But if there are some loose ends that haven't been tied up, it should be able to deal with that. Your Honor... What's the harm of saying they... What's the harm with that? What's the prejudice to Sweetports? The prejudice to Sweetports at this point, Your Honor, is that the estate is gone. Well, and why is that any different than if the plan had been approved? If the plan had been confirmed, the indebtedness is still there, and there's no question, but the bankruptcy judge has authority to enter fees at that point. That's exactly why there is a difference between the debt owed to Mr. Wolf, which is only from the estate, and the debts to the other creditors, which are debts owed by the debtor. Under Section 330, the payments for committee professionals may only be made from the estate. Well, the estate transfers back to the debtor if the plan is confirmed. Yes, and the reason why the judge in the McDonald case, the reason that it can only come from the estate, is that under the Bankruptcy Code, committee professionals' fees become administrative expenses, and they are given priority. And those types of administrative expenses, as explained in the McDonald case, can only be paid from the estate. When you have a confirmed plan, the Bankruptcy Code requires as one of the elements of confirmation that the plan provide for the payment of all of the administrative expenses, including the committee professionals. So as a result, under a confirmed plan, although the assets go back to the debtor, under the terms of a confirmed plan, that confirmed plan must require the payment of administrative expenses. In this case, the dismissal and the statute, Section 349, specifically allows that the court may order otherwise, on cause, that the assets not transfer back to the debtor. The court has the ability to say, I'm going to keep jurisdiction, I'm going to exercise their jurisdiction, and I'm not going to allow the transfer of the assets back. Yes, but look what you're arguing. Sweep courts would be worse off, right? If the bankruptcy judge said, Well, you know, I'm not going to dismiss it, because I have to determine Mr. Wolf's fees, so sorry, sweep courts, you'll have to languish in bankruptcy for a few more months. How does that help sweep courts? In that case, sweep courts would not have had to undergo the collection procedures in state court from the other creditors at exactly the same time, because that's what their petition specifically said. So you would have preferred to remain in bankruptcy longer, is that what you're saying? No ifs, is that what you're saying? You would have preferred to be in bankruptcy longer. No, I am saying that we would not prefer... So you want to get out of bankruptcy as soon as possible, but you don't want to pay his fee. We don't want to be in bankruptcy and in state court arguing in two different places. We want to have all of the matters resolved at one time under the auspices of one court. So then if that's what you want, and you were already in the bankruptcy court, why do you object to the bankruptcy court having ancillary jurisdiction, like the Sixth Circuit said? Because it said 330 does not apply only to fees to be withdrawn from the estate, and that dismissal does not abrogate the bankruptcy court's statutorily imposed duty of review. And these other lower courts that have gone that way have indicated jurisdiction extends, so I don't understand why you have an objection and you're saying you don't want to be in state court, so why don't you want to be back in bankruptcy court? Then the whole ball of wax gets resolved. Because we've already been litigating in state court against the creditors, and the creditors immediately turned around on the basis of their decision and ran into state court and attempted to enforce, and in fact at this point, again I think the court can take judicial notice of, that judgment has now been paid in state court. There are also fee litigation disputes with Mr. Wolf in state court, where he is attempting to enforce an interim fee award from the bankruptcy, and other fee claims that are being made. So what was happening here is a strategic litigation decision was made to run the state court and obtain that end, rather than to remain in bankruptcy, and at the same time, then come back into the bankruptcy court. I don't understand you. If it had remained in bankruptcy somewhat longer in order to resolve the fee issue, the bankruptcy would then be dismissed, the assets go back to suite courts, and it will face all these state court suits. So what's the benefit to you? I don't get it. The difference is that if the court retained jurisdiction over the bankruptcy estate, the assets would have remained there, and those assets would then have, the court would have had jurisdiction over those assets to deal with the payment of Mr. Wolf's fees. You're not responding to me. All the bankruptcy court would be doing would be determining how much he's entitled to. Your Honor, that's never been all that's asked for. Their petition, which is in the record, specifically asks for an order directing that the debtor, not the debtor's estate, and they cite no authority whatsoever for the premise that the debtor is ever liable. They ask specifically for an order ordering that suite courts, the debtor, pay the attorney's fee award. So that's not simply a determination of an amount. That's what was requested in the application. Wouldn't you rather be fighting him in state court than in the bankruptcy court? Because if the bankruptcy, you know, just takes it right out of the assets, you have fewer assets, whereas if he has to litigate in state court, you have a chance of, you know, cutting down what he gets and so on. He has to have a basis to sue us in state court. Well, the basis would be if the bankruptcy, if you allowed the bankruptcy judge to determine what you owe him, then he would have to pursue that in state court. I don't know why you think that's an inferior solution to the bankruptcy judge having made the determination and deducted the money from the assets that were going back to suite courts. Your Honor, if I may answer the question, although my time is up. This case revolves around that question of whether or not suite courts, the debtor, is liable for the debts of the estate. And because the case law, the McDonald case, and the Barron case out of the Fifth Circuit indicate that that is not the circumstance, and that indeed there is a tremendous distinction that the bankruptcy code recognizes between the debtor and the debtor's estate, that this case revolves around that. So you're just saying that if it had been here in bankruptcy court, it would have come out of the debtor's estate. But in state court, they're going directly to the debtor. Right, and they've transferred that debt. What they're trying to do is transfer the debt from the debtor's estate to the debtor. Yeah, and what difference does that make to you? I don't get it. If there's no... It's the same pile of money. No, it's not, Your Honor. Of course it is. The money in the bank... The debtor's estate had these assets, and if he had filed his motion in the bankruptcy court and all that, he would have been paid out of those assets. Now, instead of that, the assets were all transferred back to sweep courts, no longer in bankruptcy. So now all the creditors, including him, they have to sue you in state courts. What difference does it make? Because they don't have pauses of action... I know, but what difference does it make to sweep court? How is it better off losing assets in bankruptcy to its creditors or being sued in state courts? Because sweep courts, there are no causes of action against sweep courts. No, I want a practical answer. How does it make sweep courts worse off? If I have to... The practical answer is if I have to defend a claim, against Mr. Wolf, by Mr. Wolf's own admissions, under state law, he loses, because there is no such claim. That's the practical... Well, if he loses, you're better off. I don't get it. Well, but he's... You say he's going to sue in state court, and he's going to lose. If the only way he... Look, this is crazy. You're saying if the bankruptcy judge had made a determination about how much he should be owed, then those assets, then certain assets would be used to pay him. Those assets wouldn't go back to sweep courts. Now you're saying, you got all the assets back, he's going to sue you in state court, he's going to lose. So you're going to keep your assets. You're going to be better off. I don't get it. Your Honor, if I may try one more time. If we are better off under Judge Goldbar's decision, because Judge Goldbar has said there are no... Is that rule, and he said, I'm denying your fee application. Now, by their own admission, Mr. Wolf and Mr. Benoit, are not in a position to move in state court. We've won. There are no fees. The only way they get those back is to come back into the bankruptcy court and say under the bankruptcy court that you have now got to make a finding. And what they're going to be asking for is an amount of money. If that amount of money is only to be paid from the bankruptcy estate and not sweep courts, they've got an illusory judgment because there is no bankruptcy estate anymore after the dismissal. Okay, so you're not saying that if we permitted the bankruptcy judge to make this determination of what he's owed, you're not saying that if he then enforced it in state court, he would lose because you have some defenses, right? No, I'm saying that that judgment under bankruptcy law would only be enforced... That's your view of bankruptcy law. My view of bankruptcy law. Yeah. Well, there may be other views. I agree. And it may end up that he sues you in state court. And you're not saying that there are no... You're not saying that you have absolute defenses against him in state court, right? No, I'm saying that he has no direct cause of action... I know. I'm talking about state law. Do you have some ironclad defense against a state lawsuit if the bankruptcy judge enables that by making this, you know, ancillary determination? The defense that I would have is whether or not the judgment in the bankruptcy court  as opposed to the debtor's estate. So the bottom line is, what would be, in the state court, what they can go after are specifically the debtor's personal assets, right? As distinct from the company? Because... No, I don't understand that... Well, look, in the Third and Fifth Circuit, they've held that 330 is not applicable to attorney's fees derived from a source other than the debtor's estate. And so in the Third Circuit case, they say 330 does not impact on any claim against the debtor's personal funds as distinct from estate funds. Accounts can look to the debtor, though not to the estate, for payment. So I'm trying to figure out  Because I'm confused, too, about this argument you're making and why you're not better off in state court. So will you speak to that? Because that's really the heart of the split between the circuits. As I understand your question, under 330, it is our position that 330 of fees to the committee professionals as opposed to debtor's counsel who have direct relationships with the debtor, the debtor committee professionals may only be payable from the debtor's estate's assets. If a judgment is entered for the professionals, does that get a priority over the unsecured debts? Does it gain any sort of priority? In the bankruptcy court, it would be considered an administrative expense and receive priority. And that's one of the reasons why this distinction is drawn. But in state court, would it have priority over those prior debts? State court priority rules would apply timing, level of debt, etc. But what would happen then is there is a difference between committee professionals and the debtor's counsel. Debtor's counsel has direct causes of action. The committee's counsel does not have direct causes of action. So debtor's counsel can go to state court and file a claim. Right, and they're not limited to the assets of the bankruptcy estate for collection purposes. They have a retainer agreement directly with the debtor that's enforceable whether there's a bankruptcy estate or not. So they can go against the debtor's assets. Correct. Whatever assets weren't protected for whatever reason. Whether they were former estate assets or independent of the state assets, the debtor's counsel has the ability to go after that. And so what you're saying is they don't have an independent there's no independent they can't in state court as the professionals can't get into independent because that's a good word, at least we can leap on that in terms of the distinction you can't get into the independent assets of the debtor. And you're saying in state court that's what they're attempting to do. They would want to get not just the assets from the estate that were left that are now in the state court pot but there might be other funds that the debtor would have access to and they want to have access to those funds. That is correct. They would be able to take the bankruptcy court order and seek to assert it against any assets whatever obtained in the hands of the debtor that is now out of the bankruptcy. Now why do you think they didn't ask the bankruptcy court to calculate their fee and pay it out of the debtor's assets? Your Honor, the only reason they've given I was not in their rooms, was that they made this choice that they wanted to proceed, the creditors wanted to proceed immediately in the state court and not to continue to retain jurisdiction in the bankruptcy court. Why would they want to do that? So that, they moved immediately. They didn't even wait for the stay in the bankruptcy court test. Why didn't they ask the bankruptcy judge before the dismissal to determine their fee and pay it as an administrative expense? Wouldn't they have been better off doing that? They certainly would have been better off doing that. Okay, so why didn't they do it? They didn't do it because they're stupid or what? Isn't there a little conflict at that point between counsel and the debtors, or creditors, because creditors want to go get the assets right away, counsel wants to get the fee determined, and the creditors don't owe the counsel, the court does, right? Or the debtor does. Right, if there is a bankruptcy state, yes. So they're in a conflict position. And then what the court had on September 30th, there had been a fee application sometime before September 30th, and the court denied in part Wolf's first application. And Sweetport pays about $50,000 and there's $360,000 left, right? That is correct, Your Honor. And then nothing happens on that. And then the case is finally closed, and then we get a final fee application, and this is over a million dollars. And that's when Sweetport objects, saying the court has no subject matter jurisdiction. So the fees were filed, and could have been, and the administrative so they're, because of their role as professionals, it's deemed administrative fees. And so just so I can understand, so those would then all wear, in terms of the priority list in the bankruptcy court, their administrative fees, to try to speak to the question Judge Tender is asking, in terms of the conflict as well. So why don't you tell us how that works? In bankruptcy court, administrative fees are fairly high up, and then it starts going down through the list of the creditors. The unsecured creditors are at the bottom, well, actually not the bottom, then you get to the equity interest holders in the bankruptcy, excuse me, in the bankrupt corporation at the bottom. Okay, well, thank you very much, Mr. DeVitch. I saw Mr. Wolf will give you another minute or so, or two minutes, I guess you'd want to. Your Honor, I'll try to be very brief. There's a lot to respond to. Let me say, number one, that Section 330 doesn't say anything about allowed fees can only be collected from assets of a debtor's bankruptcy estate. It says nothing about it, and none of the cases say that either, and indeed it is practiced commonly for counsel, as I indicated when I first spoke, to seek an allowance of their fees after the conclusion of the case, and have them paid not from the debtor in possession's estate, but from the assets of the debtor. That's number one. Number two, a fact that is in the record, but it hasn't been talked about, is this is not a company over here that was swimming in cash. We did, as Judge Williams pointed out, we've got an interim allowance of over I think $450,000 in fees, some $50,000 or so was paid during the case. Judge Williams, at the time of dismissal, I dare say that the estate had in cash perhaps $9,000 in cash. Their other assets consisted of 76% of a subsidiary, an operating subsidiary that may or may not have had some cash, and patents. So they were not liquid. They were not liquid. It was not a matter of me getting an allowance of compensation and then garnishing some bank account somewhere. We're not talking about this. I've been trying to get paid my interim award for months and months, writing letters to debtors' council. And so then get back to Judge Posner's question. Why didn't you then ask do the final fee petition right before the case was closed? Because April 30th, no party in interest sought conversion or opposed dismissal, so the court was going to I mean, you got notice of that. You knew that was happening. So why didn't you file? Judge Tinder hit it on the head. I had a client who I was duty-bound and ethically bound to listen to, and they said, okay, if Judge Golgar has said he's not going to confirm our plan, we're going to proceed immediately on our citations to discover assets, etc. And my interests and their interests somewhat diverged at that point, but I knew who my client was. And I said, if that's your instruction. I wasn't happy about where I stood. I was kind of between a rock and a hard place. But I must insist that at every moment until this moment, as I stand here in this courtroom, I believe that the court had, and continues to have, the ancillary jurisdiction to give me an allowance of compensation. Now, I know I've run out of time, but I'm going to just say one other And your point is that 330 is not limited. It's not limited to just assets from the estate. Absolutely. Is that your position? Your Honor, I read it for the hundredth time as I sat there a few moments ago. I from my reading of the piece of case law that says 330 is limited to assets of a bankruptcy estate. Thank you. Thank you very much. Thank you to both counsel and Casel.